

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00337-CR
_____

RICHARD ANDRE SYKES, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 3
Tarrant County, Texas
Trial Court No. 1664692

Before Sudderth, C.J.; Womack and Wallach, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Appellant Richard Andre Sykes appeals his convictions for aggravated assault with a deadly weapon and deadly conduct. *See* Tex. Penal Code Ann. §§ 22.02(a)(2), 22.05(b). In two issues, Sykes alleges that the trial court abused its discretion by admitting three exhibits related to the police's identification of him as a suspect. Because the trial court did not abuse its discretion, we will affirm.

## Background

Dylan Erwin was shot in the back of the head in the parking lot of a men's club. Fort Worth Police responded to the shooting, and Detectives Jason Fogus and Nathan Inman became involved in the investigation.

During his investigation, Detective Inman reviewed video footage from the club's surveillance cameras. The cameras captured a man arriving in the parking lot, exchanging phone numbers with the security guard, entering the club, and then later, firing a gun in the parking lot. After the shooting, the security guard gave the shooter's phone number to Detective Fogus. Detective Fogus then forwarded that information to Detective Inman, who ran the phone number through TLO—a police information database. The TLO search linked the phone number to Sykes's name and also provided his date of birth, Texas driver's license number, and possible addresses where he could be found. Detective Inman then ran searches through VisiNet—another police information database—using the driver's license number from TLO and a license plate

2

number obtained during the investigation.  Those searches also returned Sykes's name and a driver's license photograph.

Based on this information, the police focused on Sykes as the primary suspect, and Sykes was later charged with two counts of aggravated assault with a deadly weapon. But when the State offered the search results from TLO and VisiNet into evidence at trial as State's exhibits 95, 97, and 106 to show how Sykes became a suspect, defense counsel objected on two grounds:  lack of proper authentication and hearsay.

As to authentication, the State responded that the printouts included enough information to identify both the police database that was used and the date the search was done.  Regarding the hearsay objection, the State argued it was offering the documents to show how Detective Inman's research had led him to identify Sykes as the shooter and not for their truth.  The trial court admitted these exhibits along with a limiting instruction that the exhibits were not to be considered for the truth of the matter asserted.[1]

At trial, Sykes did not contest his identity and relied instead on the theory of self-defense.  The jury found him guilty of aggravated assault with a deadly weapon and of deadly conduct, and they assessed punishment at nine years' confinement for aggravated assault with a deadly weapon and five years' confinement for deadly conduct.

---

[1]Exhibits 95, 97, and 106 included substantively similar information to State's exhibit 93—a certified Texas Department of Motor Vehicles record—that was admitted without objection.

The trial court sentenced Sykes accordingly and ordered that the sentences run concurrently.

## Discussion

In his first issue, Sykes challenges the admission of State's exhibits 95, 97, and 106, arguing that they were not properly authenticated. In his second issue, Sykes challenges the admission of exhibits 97 and 106, arguing that they contain hearsay.

## Standard of Review

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Wells v. State*, 611 S.W.3d 396, 427 (Tex. Crim. App. 2020); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); *Redmond v. State*, 629 S.W.3d 534, 541 (Tex. App.—Fort Worth 2021, pet. ref'd). The admission of challenged evidence is not an abuse of discretion unless the trial court's determination lies outside the zone of reasonable disagreement. *Wells*, 611 S.W.3d at 427; *Redmond*, 629 S.W.3d at 541.

## I. Authentication complaint

Sykes argues that exhibits 95, 97, and 106 were not properly authenticated because they are not certified public documents and do not contain enough background information about the databases from which they were printed. Sykes claims this alleged lack of background information prevented Detective Inman from adequately authenticating the documents. We disagree.

To authenticate or identify an item of evidence under Rule 901 of the Texas Rules of Evidence, "the proponent must produce evidence sufficient to support a

finding that the item is what the proponent claims it is." Tex. R. Evid. 901(a). "In a jury trial, it is the jury's role ultimately to determine whether an item of evidence is indeed what its proponent claims"; therefore, "the trial court need only make the preliminary determination that the proponent of the item has supplied facts sufficient to support a reasonable jury determination that the proffered evidence is authentic." *Butler v. State*, 459 S.W.3d 595, 600 (Tex. Crim. App. 2015). Testimony of a witness with knowledge "that an item is what it is claimed to be" satisfies the authentication requirement. Tex. R. Evid. 901(b)(1). "The appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances" is also enough to satisfy the requirement. Tex. R. Evid. 901(b)(4).

Here, Detective Inman's testimony was sufficient to authenticate the three exhibits according to Rule 901. Detective Inman testified that each exhibit was a printout of the information returned after his searches on TLO or VisiNet: exhibit 95 was the result of the search of the phone number from the security guard, exhibit 97 was the result of the license plate search, and exhibit 106 was the result of the driver's license search. Detective Inman also testified that the programs he used—TLO and VisiNet—are the systems used by the Fort Worth Police Department. And the printouts show the file source—TLO or VisiNet—and the dates the searches were run.

Considering Detective Inman's testimony that he ran the searches and that his descriptions about the exhibits reflect what is in the printed exhibits, his testimony satisfies the authentication requirements. *See* Tex. R. Evid. 901(b)(1), (4); *see e.g.*, *Butler*,

5

459 S.W.3d at 600–05 (concluding that testimony from a witness was sufficient to authenticate text messages when she knew the phone number was the appellant's number and he called in between messages, and when the messages contained distinctive information that, considered with the circumstances, pointed to the appellant). Because exhibits 95, 97, and 106 were properly authenticated under Rule 901, the trial court did not abuse its discretion by admitting the exhibits over Sykes's authentication objection.

We overrule Sykes's first issue.

## II. Hearsay complaint

Sykes also challenges the admission of exhibits 97 and 106 in issue two. At trial, Sykes objected to exhibits 97 and 106 as hearsay. In response, the State argued that the exhibits were offered to show the research done by Detective Inman to identify Sykes as the suspected shooter and were not offered for the truth of the matter asserted therein.

The Court of Criminal Appeals has held that when a statement is not offered for the truth of the matter asserted but instead to prove how a defendant became a suspect, that statement is not hearsay. *Dinkins v. State*, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995) (holding that a victim's appointment book listing defendant's name and a patient application listing a similar name were not hearsay because they were not offered for the truth of the matter asserted but were used to explain how the defendant became a

suspect); *see also* Tex. R. Evid. 801(d)(2) (defining hearsay as an out of court statement offered for "*the truth of the matter asserted*" therein (emphasis added)).

Because exhibits 97 and 106 were introduced to show what steps Detective Inman took to identify the shooter, and were not offered for the truth of the matters contained therein, these exhibits were not hearsay. Consequently, the trial court did not abuse its discretion by admitting the exhibits over Sykes's hearsay objection.

We overrule Sykes's second issue.

## Conclusion

Having overruled both of Sykes's issues, we affirm the judgments of the trial court.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: November 21, 2024